**FILED**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

February 17, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____**CM**_____
DEPUTY

| | |
|---|---|
| FADI GEORGE, | § |
| | § |
| Plaintiff, | § |
| v. | § 5:25-CV-01891-MA |
| | § |
| MERRILL LYNCH, PIERCE, FENNER & | § |
| SMITH INCORPORATED, | § |
| | § |
| Defendant. | § |

**OPINION AND ORDER**

The Court now considers Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated's ("Defendant's") Motion for Leave to File Amended Notice of Removal, Plaintiff Fadi George's ("Plaintiff") Motion to Remand[1] and Defendant's Response.[2] After considering the motion, record, and relevant authorities, the Court **DENIES** Plaintiff's motion to remand and **GRANTS** Defendant's motion for leave.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

This is a breach-of-contract suit arising from "several unauthorized transactions" on Plaintiff's investment account with Defendant which Defendant failed to investigate or rectify.[3] Plaintiff alleges breach of contract, breach of fiduciary duty, negligence and Deceptive Trade Practices Act ("DTPA") claims against Defendant.[4] In his complaint, Plaintiff seeks:

a.  Actual damages exceeding $43,359.68 as reflected in account statements;

b.  Consequential damages for financial harm and distress;

---

[1] Dkt. No. 11.
[2] Dkt. No. 14.
[3] Dkt. No. 1-3, at 1.
[4] Dkt. No. 1-3, at 7–8.

    c.   Statutory damages under the Deceptive Trade Practices Act; []

    d.   Reasonable attorney's fees and costs[; and]

    e.   Pre- and post-judgment interest.

Dkt. No. 1-3, at 10.

Plaintiff commenced this suit on October 31, 2025 in the 288th District Court, Bexar County, Texas.[5] Defendant was served on November 26, 2025,[6] and timely removed the case to this Court on December 29, 2025.[7]

On January 26, 2026, Defendant filed a Motion for Leave to File an Amended Notice of Removal[8] requesting that the Court permit it "to expressly and affirmatively allege that Plaintiff is a citizen of Texas," rather than a resident, as Defendant's original notice of removal states.[9] Plaintiff filed his Motion to Remand on January 28, 2026[10] and Defendant has timely responded.[11] The Court now turns to analysis of these motions, addressing the motion to remand first as it can take no further action if it has no jurisdiction

## II.    MOTION TO REMAND

In his motion,[12] Plaintiff requests the Court remand his suit to the 288th District Court, Bexar County, Texas in which it was filed by Plaintiff.[13]

---

[5] Dkt. No. 1-3, at 5.
[6] Dkt. No. 1-3 at 15.
[7] Dkt. No. 1.
[8] Dkt. No. 9.
[9] Dkt. No. 1, at 2.
[10] Dkt. No. 11.
[11] Dkt. No. 13.
[12] Dkt. No. 11.
[13] Dkt. No. 1-3, at 5.

### a.  Legal Standard

It is a "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[14] District courts have limited jurisdiction and the authority to remove an action from state to federal court is solely conferred by the Constitution or by statute.[15] While the Court has jurisdiction to determine its jurisdiction,[16] it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[17] "Removal [to federal court] is proper only if that court would have had original jurisdiction over the claim."[18] The Court determines its jurisdiction by considering the plaintiff's claims as they existed at the time of removal,[19] which cannot be defeated by the plaintiff's later amendment.[20]

If the removing party claims federal diversity jurisdiction under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity: that each defendant is a citizen of a different state from each plaintiff[21] and the amount in controversy exceeds $75,000.[22] Accordingly, "[w]hen original federal jurisdiction is based on diversity . . . a defendant may remove only 'if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such

---

[14] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (citing *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996)); *see* 28 U.S.C. § 1447(c).

[15] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[16] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").

[17] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

[18] *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010)

[19] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 668 n.2 (5th Cir. 2007); *see Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (holding that removal is to be "determined according to the plaintiffs' pleading at the time of the petition for removal").

[20] *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995).

[21] *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *see McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation omitted) ("[A]ll persons on one side of the controversy [must] be citizens of different states than all persons on the other side.").

[22] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

action is brought.'"[23] Citizenship, domicile, and residency are frequently conflated terms; for diversity jurisdiction purposes, a person is a citizen of the state where that person resides and has an intention to remain or make his or her home, and a business entity is typically a citizen of the state both where it is incorporated and where it has its principal place of business.[24] "The removing party, the party seeking the federal forum, bears the burden of showing that federal jurisdiction exists and that removal was proper,"[25] and must overcome this Court's presumption that cases lie outside its narrow jurisdiction.[26] "Each factual issue necessary to support subject matter jurisdiction 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'"[27]

If each defendant is not a citizen of a different state from each plaintiff, a party—usually a removing defendant—may claim that the plaintiff improperly or fraudulently joined parties to defeat federal diversity jurisdiction. The citizenship of an improperly joined party is then disregarded in determining the Court's jurisdiction.[28] The doctrines of fraudulent or improper joinder ensure "that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[29] There is a heavy burden upon the party claiming improper or fraudulent joinder.[30] The Fifth Circuit has "recognized two ways to establish

---

[23] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting 28 U.S.C. § 1441(b)).

[24] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313–14 (5th Cir. 2019); *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 451 (5th Cir. 2003).

[25] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

[26] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[27] *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)), *quoted in MidCap Media Fin.*, 929 F.3d at 315 n.*.

[28] *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (quoting 28 U.S.C. § 1441(b)).

[29] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

[30] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[31] The Court determines "whether [the plaintiff] has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable,* not merely theoretical."[32] To test this reasonable basis for recovery, the Court may resolve the issue with a two-step analysis. First, "[t]he court may conduct a [Federal Rule of Civil Procedure] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[33] The Court uses federal pleading standards in assessing the state court complaint.[34] A Rule 12(b)(6) analysis "leaves intact the well-pleaded complaint doctrine with all its intended reach,"[35] so the analysis accepts all well-pled facts in the complaint as true and interprets those facts in the light most favorable to the plaintiff, then asks whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."[36] The Court does not make credibility determinations or discount the complaint's factual allegations.[37] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[38] If a complaint can survive a Rule

---

[31] *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).

[32] *Travis*, 326 F.3d at 648 (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

[33] *Smallwood*, 385 F.3d at 573.

[34] *Int'l Energy Ventures Mgmt. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016).

[35] *Smallwood*, 385 F.3d at 576.

[36] *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[37] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

12(b)(6) analysis, there is no improper joinder as to that party.[39] "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."[40] But if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant," the party was improperly joined.[41]

In instances in which the propriety of joinder is still questionable after the Rule 12(b)(6)-like analysis, or if the plaintiff has misstated or omitted facts that would determine the propriety of joinder, the Court may in its discretion pierce the pleadings and conduct a "summary inquiry" to consider "summary judgment-type evidence such as affidavits and deposition testimony" but will not pretry factual issues.[42]

While a District Court has jurisdiction to determine its own jurisdiction in considering a motion to remand, the focus of the inquiry on a motion to remand must "must be on the joinder, not the merits of the plaintiff's case."[43] Importantly, "removal statutes are to be strictly construed against removal; doubts as to removal are resolved in favor of remanding the case to state court."[44] Specifically, the Court will resolve all legal and factual issues, doubts, and ambiguities in favor of

---

[39] *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200.

[40] *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

[41] *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (quoting *Smallwood*, 385 F.3d at 573).

[42] *Hart v. Bayer Corp.*, 199 F.3d 239, 246–47 (5th Cir. 2000); *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005).

[43] *Int'l Energy Ventures Mgmt.*, 818 F.3d at 209–10 (quoting *Smallwood*, 385 F.3d at 573); *see Smallwood*, 385 F.3d at 576 (emphasis added) ("When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the *joinder* was improper.").

[44] *Tebon v. Travelers Ins. Co.*, 392 F. Supp. 2d 894, 898 (S.D. Tex. 2005) (Jack, J.) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) & *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

remand,[45] because the exercise of jurisdiction over a removed case "deprives a state court of a case properly before it and thereby implicates important federalism concerns."[46]

### b. Analysis

In its Notice of Removal, Defendant argues that removal was proper under 28 U.S.C. §§ 1441 and 1332 because Plaintiff is a permanent resident of Texas, whereas Defendant is incorporated in Delaware and has its principal place of business in New York.[47] Defendant also asserts that the amount in controversy exceeds the sum of $75,000 because, even though Plaintiff alleges actual damages of $43,359.68, he also "seeks damages under the treble damages provision of the DTPA" that for conduct "'committed knowingly and/or intentionally.'"[48] Thus, Defendant argues, Plaintiff seeks damages in excess of $129,000 "well above the $75,000 requirement."[49]

In his Motion to Remand, Plaintiff seeks an order of remand because: (1) the lawsuit does not involve a federal question; (2) Defendant's allegation that treble damages *might be* awarded under the DTPA is speculative where Plaintiff pleaded explicit actual damages below $75,000; and (3) Defendant's Notice of Removal pled that Plaintiff is a *resident* of Texas rather than a *citizen*, a defect which Plaintiff alleges "is grounds for  remand ."[50]

As an initial matter, the Court observes that this action is before it in diversity jurisdiction rather than federal question jurisdiction. The Court therefore disregards Plaintiff's arguments

---

[45]  *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (alterations in original) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)) ("[T]he district court is 'obliged to resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiff's] favor.'").

[46] *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548–49 (5th Cir. 1981) ("[T]he trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.").

[47] Dkt. No. 1, at 2.

[48] Dkt. No. 1, at 3 (citing 1-3, at 10).

[49] Dkt. No. 1, at 3.

[50] Dkt. No. 11, at 3.

relating to federal question jurisdiction as inapposite. The Court turns to Plaintiff's primary argument that the amount in controversy does not exceed $75,000.00

   1. *Speculative Damages in Defendant's Notice of Removal*

Plaintiff maintains that Defendant's Notice of Removal erroneously relied on the possibility that Plaintiff might recover treble damages for his DTPA claim when asserting that the amount-in-controversy exceeded the minimum threshold to establish diversity jurisdiction. Because such recovery is only a theoretical possibility, Plaintiff argues, the correct amount-in-controversy should instead be $43,359.68, the actual damages Plaintiff lists in his complaint.

Plaintiff relies on a fundamentally flawed understanding of the how damages are calculated for the purpose of diversity jurisdiction. The Fifth Circuit has long held that items to be considered in calculating the amount in controversy for which a defendant may be liable under state law are penalties, statutory damages and attorney's fees if provided for by statute or contract.[51] Defendant correctly cites the Fifth Circuit's opinion in *Guijarro v. Enter Holdings, Inc.* for this proposition. There,  the Fifth Circuit found that parties must "[f]actor[] in . . . multiplying for treble damages[] and tacking on attorney's fees" when calculating the amount-in-controversy for the purpose of determining diversity jurisdiction.[52] Defendant states that, "[a]pplying that same analysis here, Plaintiff's pleaded actual damages of $43,359.68—when trebled—and combined with attorneys' fees plainly exceed the $75,000 threshold." The Court agrees.

Section 17.50 of the Texas Business and Commerce Code allows consumers to sue businesses for false, misleading, or deceptive acts in trade and commerce. It provides that:

> In a suit filed under this section, each consumer who prevails may obtain: (1) the amount of economic damages found by the trier of fact. If the trier of fact finds that the conduct of the defendant was committed *knowingly*, the consumer may also recover damages for

---

[51] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[52] *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022).

> mental anguish, as found by the trier of fact, and *the trier of fact may award not more than three times the amount of economic damages*; or if the trier of fact finds the conduct was committed *intentionally*, the consumer may recover damages for mental anguish, as found by the trier of fact, and *the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages.*

Tex. Bus. & Com. Code § 17.50(b)(1).

In his complaint, Plaintiff explicitly pleads that Defendant "knowingly and/or intentionally" engaged in false, misleading, or deceptive acts, for which he seeks "statutory damages under the Deceptive Trade Practices Act."[53] Contrary to Plaintiff's assertion that he only asserts damages of $43,359.68 in his Original Complaint, by invoking the DTPA's treble damages provision, Plaintiff has stated a claim for which he may recover three times his actual damages. Whether he actually recovers this amount may be pure speculation, but the same is true of the claim for $43,359.68. However, Plaintiff's pleadings control the Court's determination. Accordingly, the Court finds that the amount-in-controversy exceeds the $75,000 minimum threshold to establish federal diversity jurisdiction.

2.  *Technical Defects in Defendant's Notice of Removal*

Having established this, the Court turns to Plaintiff's final argument: that the instant case should be remanded because Defendant alleged that Plaintiff was a *resident* of Texas rather than a *citizen* of Texas, rendering its Notice of Removal technically defective. Plaintiff raises this as a pleading defect, not as a substantive matter, i.e. he does not deny he is a citizen of Texas. Nonetheless, the Court considers the merits of this argument.

Plaintiff is correct that a Notice of Removal or relevant state-court pleadings must allege the citizenship of all parties, and that an allegation of residency alone is insufficient.[54] However,

---

[53] Dkt. No. 1-3, at 10.
[54] *MidCap Media Fin.*, 929 F.3d at 313 (internal citations omitted).

as Defendant notes in its Response,[55] the Court has the authority and discretion "to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties and the amount in controversy," and is to exercise this authority "liberally" in the interest of justice.[56] This authority includes permitting amendment to cure an allegation of residency rather than citizenship.[57] Defendant had already moved for leave to amend its Notice of Removal to address this technical defect before Plaintiff moved to remand. Particularly in light of Defendant's proactive efforts, the Court finds that permitting amendment of Defendant's Notice of Removal to resolve its technical deficiency better serves the fair and efficient administration of justice than remand.

### III.    CONCLUSION AND HOLDING

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand,[58] and **GRANTS** Defendant's Motion for Leave to File an Amended Notice of Removal.[59] The Clerk of Court is instructed to file Defendant's Amended Notice of Removal[60] as a separate entry on this Court's docket, and it will supersede Defendant's original Notice of Removal.[61]

IT IS SO ORDERED.

DONE this 17th day of Feburary, 2026, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[55] Dkt. No. 13, at 5.
[56] *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (citing 28 U.S.C. § 1653).
[57] *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 310 n.2 (5th Cir. 2002).
[58] Dkt. No. 11.
[59] Dkt. No. 9.
[60] Dkt. No. 9-1.
[61] Dkt. No. 1.